[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS AND/OR DECLINE JURISDICTION OF OCTOBER 18, 2000
The parties are before the court on the defendant's Motion to Dismiss. Her claim is that there is not jurisdiction in the court under either the Uniform Child Custody Judgment Act (UCCJA) or the Uniform Child Custody CT Page 13468-bz Jurisdiction and Enforcement Act (UCCJEA) or, alternatively, that the court should decline to exercise jurisdiction on the basis of forum non conveniens. The plaintiff asserts there is jurisdiction which this court should exercise given its familiarity with the parties (as a result of having heard and determined prior filed motions). The UCCJEA became effective July 1, 2000. Multiple and lengthy briefs have been filed, testimony was taken, and evidence was heard. The court has considered all evidence and written submissions.
The parties were married on August 26, 1995. One child, Bridgette E. Lord, was born to them on November 11, 1996. On or about August, 1997, the defendant-mother and the child left the state and moved to New York.[1] The departure was with the plaintiff — father's knowledge and consent though the plaintiff could not then know the removal would be permanent. The parties were granted a decree of dissolution on July 29, 1998 (Ballen, J.), which decree incorporated by reference the couple's Separation Agreement ("Agreement") of the same date. Under the Agreement, the defendant received sole legal and physical custody of Bridgette and the defendant was accorded visitation rights (which rights have been the subject of multiple motions resolved by this court after many hearing days). Neither party has yet remarried.
The defendant was born and raised in New York and the couple were married in that state; they remained in New York until June of 1996 when they moved to Connecticut. Less than five (5) months after moving to Connecticut, Bridgette was born. In August of 1997 — nine (9) months after Bridgette's birth — the move to New York occurred. Bridgette has been living with the defendant in that state since then — for over four (4) years.[2] The defendant and child reside in Coram, New York, in a condominium the defendant owns. She is a tenured special education teacher in that state. The home is approximately two (2) hours by car or one and one-half (1 1/2) hours on the Port Jefferson Ferry from Bridgeport.
Bridgette attends preschool in New York and both her pediatrician (who began treating her in infancy) and a speech therapist who has treated her for a speech condition are there.[3] While the mother works, Bridgette is cared for by her maternal grandparents when she is not in school. Numerous relatives reside in that state. Bridgette has made school and neighborhood friends there. Her home life in Long Island has been stable and secure. She has been a New Yorker for the vast majority of her life, and her mother intends to remain in that state. CT Page 13468-ca
By contrast, though the plaintiff resides in Connecticut, none of his family resides here. Bridgette spends time with her paternal relatives only when, for example, the paternal grandmother occasionally visits her son (the plaintiff) when Bridgette is in this state for visitation with her dad. Until testimony regarding the earlier referenced motions regarding visitation were heard by this court, no evidence had been taken here and no custody evaluation had occurred here.
In March of 2000, the defendant-mother commenced a New York action for modification of the parties' divorce decree with regard to the plaintiff's visitation rights. On or about May 9, 2000, at which time both parties were represented by counsel, the Supreme Court of New York (Trainor, J.) heard argument on the issue of jurisdiction[4] but did not hold a full evidentiary hearing. Judge Trainor, on March 1, 2000, concluded Connecticut had continuing jurisdiction under both the Uniform Child Custody Jurisdiction Act (UCCJA) and the Parental Kidnaping Prevention Act (PKPA), 28 U.S.C. § 1738A. He noted the parties' Agreement provided for Connecticut's continuing jurisdiction over the parties and the Agreement and that the plaintiff had by then filed a post judgment motion for modification in this state, which motion was then here pending. He noted New York had jurisdiction in view of the child's continued residency there but declined to exercise that jurisdiction without prejudice and dismissed the defendant's petition. In the words of that court:
 "If the Connecticut court declines jurisdiction and defers to the courts of New York, this court will entertain an application by either party for modification of the custody and/or visitation provisions of the divorce judgment. Absent such a specific determination by the Connecticut court, this court declines to proceed therein." (Exhibit G of plaintiff's Objection to Motion to Dismiss dated January 22, 2001.)
Both the UCCJA and the UCCJEA, which Connecticut adopted in December, 1999, and which became effective July 1, 2000, prioritize the "home state" rule. The UCCJEA replaced the UCCJA adopted in this state in 1978. The PKPA, which this court finds to be not applicable in view of the plaintiff's knowledge of and consent to the. defendant's initial removal to New York, expresses a preference for home state jurisdiction in stating there is jurisdiction under its significant connection/substantial evidence test only if the child has no home CT Page 13468-cb state. 28 U.S.C. § 1738 A(c)(1) and (2)(B)(i). Under the UCCJEA, "home state" is the state in which a child lived with a parent or person acting as a parent for at least six (6) consecutive months immediately before the commencement of a child custody proceeding. UCCJEA, Sec. 2(7). "Child custody determination" means a judgment, decree or other order of a court providing for the legal custody, physical custody, or visitation with respect to a child and includes a permanent, temporary, initial, and modification order. Sec. 2(3). This state has made a child custody determination in the decree of dissolution.
Section 13 of the UCCJEA includes an express "continuing exclusive jurisdiction" rule which states:
 (a) Except as otherwise provided in section 15 of this Act, a court of this state which has made a child custody determination pursuant to sections 12 to 14, inclusive, of this act, has exclusive, continuing jurisdiction over the determination until: (1) a court of this state or a court of another state determines that the child, the child's parents and any person acting as a parent do not presently reside in this state; or (2) a court of this state determines that (A) this state is not the home state of child, (B) a parent or a person acting as a parent continues to reside in this state but the child no longer has a significant relationship with such parent or person, and substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships.
Under Section 13, this state is not deprived of continuing, exclusive jurisdiction under (1) above since the plaintiff continues to reside here. Nor is it deprived of such jurisdiction under (2) above. Clearly, New York has become Bridgette's home state. It cannot, however, be said her relationship with the plaintiff, who continues to reside here, is no longer significant although this court finds substantial evidence is no longer available here concerning her care, protection, training and personal relationships. Her family is almost exclusively in New York as are her school, her treating doctor(s), her neighbors, her friends, and her medical and educational records. Bridgette's only present connection with Connecticut is that her father resides here. Thus, New York has the maximum contact concerning the child's present and future care and protection. While there is some visitation in this state on a monthly basis, most visitation is scheduled to take place in New York[5] and CT Page 13468-cc the plaintiff-father does not play an active role in Bridgette's daily life so as to establish a significant connection to Connecticut or provide substantial evidence here. Bridgette has no childhood friends here, knows none of her dad's neighbors, does not attend school here, is not medically treated here, and is not enrolled in any organized activities here. Essentially, her only ties to this state are the occurrence of her birth, a short residency, and her father's continued residency.
While the defendant's argument this court lacks continuing jurisdiction is attenuated, more persuasive is her second argument that this court should decline to exercise jurisdiction based upon the "inconvenient forum" provision of the UCCJEA. Section 18(a) provides, "A court of this state which has jurisdiction under this Act to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum." Section 18 (b) provides:
 In determining whether a court of this state is an inconvenient forum and that it is more appropriate for a court of another state to exercise jurisdiction, the court shall allow the parties to submit information and shall consider all relevant factors including: (1) whether family violence has occurred and is likely to continue in the future and which state could best protect the parties and the child; (2) the length of time the child has resided outside this state; (3) the distance between the court in this state and the court in the state that would assume jurisdiction; (4) the relative financial circumstances of the parties; (5) any agreement of the parties as to which state would assume jurisdiction; (6) the nature and location of the evidence required to resolve the pending litigation, including testimony of the child; (7) the ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and (8) the familiarity of the court of each state with the facts and issues in the pending litigation.
Under sub-section (2), a court of this state "may decline to exercise its jurisdiction under this act if a child custody determination is incidental to an action for dissolution of marriage . . . while still retaining jurisdiction over the dissolution of CT Page 13468-cd marriage. . . ." The initial child custody determination in this state was incidental to a dissolution action. This court's later determination with regard to the plaintiff's motion for contempt constituted a child custody determination because a temporary modification of the original visitation order entered.
A consideration of these factors dictates a finding Connecticut should decline jurisdiction under these provisions. While this case has no history of family violence and despite the Agreement's provision this state will retain jurisdiction,[6] the child has resided outside the state since August of 1997 and was a resident of Connecticut for a mere nine (9) months; the distance between this court and the family court in Suffolk County, New York, is approximately ninety (90) miles — not sufficient to make a meaningful difference. Although the plaintiff had earlier earned substantially more income than did the defendant, he now claims to earn only slightly more than does the defendant in her $47,000 a year teaching position; the parties' financial positions are therefore irrelevant. The couple's agreement Connecticut would retain jurisdiction is also irrelevant (See fn 6.) — particularly since this court has subject matter jurisdiction. Virtually all of the evidence — both by testimony and by way of documentation — resides in New York. While highly unlikely this not yet five year old child's testimony will be required, her location in New York suggests any court ordered custody/visitation evaluation or mediation should occur there. Clearly, the court in both states is equally competent to decide the pending issues. While this court presently has greater familiarity with the facts and issues, transcripts, memoranda, and the recommendations of family services in New York will provide sufficient guidance for the New York court's eventual orders. Further, this court remains available for any communication that court might find informative. Finally, New York has expressed a willingness to assume jurisdiction if this state declines to exercise the same.
This court finds there is subject matter jurisdiction but declines to exercise the same on the ground of inconvenient forum. Because the UCCJA provision for dismissal of the Connecticut action when this state determines it is an inconvenient forum (Connecticut General Statutes § 46b-97 (e)) was not carried over into the new legislation, the defendant's motion to dismiss is denied. Her motion to decline jurisdiction is granted.
 ORDER
Pursuant to Section 18(c) of the UCCJEA, these proceedings are stayed CT Page 13468-ce upon the conditions a child custody proceeding is commenced in New York within forty-five (45) days of this decision.[7] The failure of either party to commence such action shall return the matter to this courthouse.
SO ORDERED.
SHEEDY, J.